RUFUS J. GOULD, on Behalf of Himself and All Other Members in the Retirement Plan for the Employees of the UNITED TRACTION COMPANY Similarly Situated, Appellant, v. UNITED TRACTION COMPANY et al., Respondents.— Appeal by the plaintiff from an order of the Supreme Court, Albany County, entered December 23, 1952, denying the plaintiff's motion for judgment on the pleadings and granting the defendants' cross motion for judgment on the pleadings in favor of the defendants dismissing the complaint, and from the judgment of dismissal entered on the order. The plaintiff is an employée of the defendant United Traction Company. The complaint alleges that, between July 1, 1946, and the time of the commencement of the action, the defendant United Traction Company deducted from the pay of the plaintiff and other employees certain sums of money "for the purpose of providing pensions for said employees under the terms of an agreement revokable at will"; and that, prior to the commencement of the action, the plaintiff and other employees "gave written notice to the defendants that they had revoked the authority of the defendant, United Traction Company, to make any further deductions from their pay, and further had given notice that they had terminated their participation in said Retirement Plan"; and that the plaintiff and other employees had "demanded of the defendants that they return to them the monies received by the defendants as hereinbefore set forth". This complaint on its face states a cause of action, since the exact terms of the retirement plan are not disclosed by the complaint and the allegations are susceptible of the construction that, under the plan, the employees had the right to revoke the agreement at will and to recover the moneys theretofore paid by them. On the defendants' motion to dismiss the complaint, only the complaint and the formal admissions of the plaintiff may be considered (Civ. Prac. Act, § 476). On such a motion, "'every intendment and fair inference is in favor of the pleading'" (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432). The order appealed from, insofar as it granted the defendants' motion for judgment on the pleadings must therefore be reversed and the motion must be denied, without costs and the judgment entered upon the order must likewise be reversed, without costs. However, the Special Term was plainly right in denying the plaintiff's motion for judgment on the pleadings in favor of the plaintiff. Upon this motion, the court had the right to consider not only the allegations of the complaint but also the allegations of the answer. Attached to the answer and made a part of it is the full text of the retirement plan. The rights of the employees under the retirement plan are fully and completely set forth therein; they do not include the right to revoke participation in the plan and to recover the contributions theretofore made. The plan provides that any one who ceases to be an employee of the company is entitled to the return of the contributions made by him, plus "Credited Interest", but there is no provision in the plan under which an employee may recover past contributions, so long as he remains an employee of the company. The answer of the defendant employer recognizes that an employee may at any time cease to make contributions but it alleges that, in that event, he would still remain a member

of the plan and, upon reaching retirement age, he would become entitled to a pension in such amount as had been earned up to the date he ceased to make contributions. The plan provides for contributions by the employees of stated percentages of their earnings and for contribution by the company of "the entire balance of the cost to provide the benefits under the Plan." The plan further provides that the company reserves the right to amend or terminate the plan at any time, but it is expressly provided that the funds contributed by the company are not in any event to revert to the company; such contributions are to be used solely for the benefit of the employees participating in the plan. The plan makes detailed provision as to the manner of payment of the funds to the employees, in the event that the company terminates further contributions. All the moneys contributed by the employees and by the company were turned over to the defendant bank as trustee under a trust agreement executed pursuant to the plan. There is no need to consider here the enforcibility of the plaintiff's promise to make contributions while the promise was still executory. We are here concerned only with his right to recover payments he made under the plan. The payments were made by the plaintiff voluntarily without any mistake of law or fact. They cannot be recovered except in accordance with the governing terms of the plan (cf. 1 Williston on Contracts [Rev. ed.], § 106, p. 367) and, under the plan, the plaintiff has no right to recover the payments, while remaining in the employ of the company. The order appealed from, insofar as it denied the plaintiff's motion for judgment on the pleadings, is unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.